JOHN M. KENDALL, plaintiff in error, *vs.* RICHARD J. DAVIS, defendant in error.

1. K. contracted with D. that he would furnish the oxen, wagons, etc., for hauling, and that D. should cut and deliver for K. saw logs at a certain saw mill run by L., for which K should pay D. a certain price per thousand feet:

   *Held*, that D. did not, under the act of 8th October, 1868, have a lien against K. for the lumber received by him under a contract with L., as K's part of what was cut from the logs.

2. As the evidence shows that most of D's claim is founded on the lumber thus received by K., the judgment is reversed and a new trial awarded.

Saw mill lien. New trial. Before Judge STROZER. Dougherty Superior Court. April Term, 1873.

Davis, as the lessee of a steam saw-mill, foreclosed a lien against Kendall for $1,394 81, for lumber delivered at said mill, attaching to his petition and affidavit a bill of particu-

Kendall *vs.* Davis.

lars, every item of which was for timber, except one for $90 00, which was for extra services. He also foreclosed a lien against Kendall, as owner and partner with one H. M. Little, in a steam saw-mill, for $61 00, alleged to be due him as a laborer. Kendall filed counter-affidavits claiming that the plaintiff had been fully paid, and that there was a balance due him, and also denying the existence of the liens.

The evidence disclosed that on February 1st, 1870, the following contract was entered into :

"GEORGIA—DOUGHERTY COUNTY.

"This agreement, entered into between J. M. Kendall, on the one part, and Francis Looney and R. J. Davis, on the other part, witnesseth :

"That J. M. Kendall, on his part, agrees to furnish eight good oxen with four yokes and bows, two log carts, complete with chains, ropes, etc., with two good axes, two now on the place, and agrees to pay said parties $2 00 per thousand feet for all logs delivered to ........ at the steam saw-mill on number sixty-nine, first district, said county, to be paid for by the saw bills as settled for by H. M. Little with said parties, said contract to continue from February 1st to October 1st, 1870, payments to be made in full the first day of each month.

"And said Looney and Davis agree to cut and haul the logs as aforesaid, and to return the oxen and tools in the same condition as found, and to receive their pay as above specified. Said Kendall to have two weeks to get one yoke of oxen and furnishes (?) he now has on the place counted as four. Death by natural causes excepted.

"J. M. KENDALL, [L. S.]
"FRANCIS LOONEY, [L. S.]
"R. J. DAVIS. [L. S.]
"Signed and sealed this 1st day of February, 1870.
"Witness: H. M. SMITH."

Kendall and Smith had entered into a contract by which the former was to furnish saw logs to the mill, and to receive half the lumber. He employed Davis and Looney to do the

work. The evidence does not disclose what became of Looney's interest therein. The logs were hauled to the mill by Davis, and Kendall received half the lumber. It was this lumber that was levied on under the liens aforesaid. Kendall never purchased any lumber from Davis.

The two cases appear from the record to have been tried together. The evidence as to the items for services is omitted as unnecessary to an understanding of the decision. The jury found for the plaintiff $762 97. A motion was made for a new trial upon several grounds, all of which may be embraced in the one that the verdict was contrary to the evidence. The motion was overruled and defendant excepted.

VASON & DAVIS, for plaintiff in error.

G. J. WRIGHT, for defendant.

TRIPPE, Judge.

1. We make out from the record that Kendall, the plaintiff in error, contracted with Davis, the defendant in error, to haul logs for Kendall to a saw-mill owned and worked by one Little. Kendall had agreed before this to have the logs cut and hauled, and was to have one-half the lumber made from the logs as his part or compensation. He got Davis and Looney to agree to do the cutting and hauling, he to furnish the wagons and oxen as stipulated in the contract, and was to pay them $2 00, or, as testified to, by a subsequent agreement, $2 50 per thousand feet for all logs delivered. Looney seems to have retired from the contract, and it appears to have stood as between Kendall and Davis. This contract did not give Davis any lien as against Kendall, for Kendall's portion of the lumber sawed from the logs. Davis did not furnish the logs to the mill; Kendall did that, although he did it through Davis. What lien Davis may have as a laborer on Kendall's property for work done, we do not say. But he certainly, by virtue of this contract, cannot have a lien under the act of October 8th, 1868, for *work done and supplies furnished a saw-mill.* It was an individual contract between the parties, that Davis, with Ken-

dall's oxen and wagons, should cut and haul the logs which Kendall had agreed with the owner of the mill to do or have done, and for which Kendall was personally responsible to Davis. The record shows a very confused state of facts as to who was interested in running the mill, whether it was Little, individually, or what interest and for what time Davis had leased it.

2. We think it very apparent that most of Davis' claim, and the verdict, was for the lumber received by Kendall under his contract with Little. Because Davis had hauled the logs as above stated, he did not, therefore, have any lien under the above recited act. He must, for that portion of his claim, at least, resort either to his lien as a laborer, or his remedy at common law. This is the conclusion we have come to, so far as we can understand the case from a very unsatisfactory record. A new trial may exhibit matters so that they can be more distinctly understood.

Judgment reversed.